**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

    LEHMAN BROTHERS INC.,

           Debtor.

Case No. 08-01420 (JMP) SIPA

## ORDER RESOLVING BARCLAYS' MOTION[1]

**WHEREAS**, on September 15, 2009, James W. Giddens, as trustee ("Trustee") for the SIPA liquidation of Lehman Brothers Inc. ("LBI") filed The Trustee's Motion for Relief Pursuant To The Sale Orders Or, Alternatively, For Certain Limited Relief Under Rule 60(b) ("Trustee's Motion," ECF No. 1682);

**WHEREAS**, on January 29, 2010, Barclays Capital Inc. ("Barclays") filed the motion of Barclays Capital Inc. to Enforce The Sale Order And Secure Delivery Of All Undelivered Assets, dated January 29, 2010 ("Barclays' Motion," ECF No. 2582);

**WHEREAS**, this Order resolves Barclays' Motion. The Court is entering a separate order on this date that resolves the Trustee's Motion;

**NOW, THEREFORE**, upon Barclays' Motion, and all related pleadings, filings, oral arguments, conferences, submissions and Court rulings; the Court having held an evidentiary hearing on Barclays' Motion, and due deliberation having been had; for the reasons stated by the Court in its Opinion On Motions Seeking Modification Of The Sale Order Pursuant To Rule 60(b), The Trustee's Motion For Relief Under The SIPA Sale Order, Barclays' Cross-Motion To Enforce The Sale Orders And Adjudication Of Related Adversary Proceedings, dated February

---

1. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Court's Opinion On Motions Seeking Modification Of The Sale Order Pursuant To Rule 60(b), The Trustee's Motion For Relief Under The SIPA Sale Order, Barclays' Cross-Motion To Enforce The Sale Orders And Adjudication Of Related Adversary Proceedings, dated February 22, 2011 (ECF No. 4105).

22, 2011 (the "Court's Opinion," ECF No. 4105) and in its bench ruling of June 6, 2011, it is hereby

**ORDERED** that Barclays' Motion is granted in part and denied in part as set forth below:

(a) With respect to the Margin Assets, Barclays' Motion is denied with prejudice;

(b) With respect to the $769 million of securities referred to in paragraph 8(ii) of the Clarification Letter (the "15c3-3 Securities"), consistent with the Trustee's position, Barclays has no present and unconditional right to the 15c3-3 Securities and Barclays' Motion is, therefore, denied with prejudice because it seeks immediate and unconditional delivery of those securities (or their equivalent). To the extent there are remaining assets in the estate after the Trustee is able to pay all allowed customer claims in full in accordance with SIPA §§ 8(c), 16(4), 15 U.S.C. §§ 78fff-2(c), 78lll(4), Barclays is entitled to up to $769 million.

(c) With respect to the Clearance Box Assets, Barclays' Motion is granted. In full satisfaction of Barclays' claim, Barclays is awarded judgment against the Trustee in the sum of One Billion One Hundred Million Dollars ($1,100,000,000.00) and no other payment. Post-judgment interest shall accrue and be paid based upon the statutory post-judgment interest rate set forth in 28 U.S.C. § 1961; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to enforce this Order; and it is further

**ORDERED** that this Order is a "final order" for the purposes of Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure; the ongoing litigation of a breach of contract claim brought by Lehman Brothers Holdings Inc. ("LBHI") against Barclays is a separate action, but to

the extent Rule 54(b) of the Federal Rules of Civil Procedure could be deemed to apply, the Court finds there is no just reason for delaying the finality of this Order pending the resolution of that LBHI claim; and it is further

**ORDERED** that the Clerk shall enter judgment in accordance with this Order; and it is further

**ORDERED** that the automatic stay of proceedings to enforce a judgment under Rule 7062 of the Federal Rules of Bankruptcy Procedure shall be extended by an additional 30 days, to allow time for the Court to decide the joint motion of the Trustee and Barclays for approval of an agreement on the terms of a stay and security pending appeal; and it is further

**ORDERED**, that Barclays Bank PLC ("Barclays Bank"), having consented to be subject to the jurisdiction of this Court, shall be joined as an additional party to these proceedings, in order to reflect the agreement on stay and security matters entered into between the Trustee, Barclays and Barclays Bank, under which Barclays Bank assumes the obligation to satisfy the judgment of the Court with respect to the Margin Assets and any subsequent judgments obtained by the Trustee against Barclays in respect of the Margin Assets, and assumes the right to receive payment from the Trustee with respect to the judgment of the Court on the Clearance Box Assets and any subsequent judgments obtained by Barclays against the Trustee in respect of the Clearance Box Assets; and it is further

**ORDERED** that the time for filing a notice of appeal shall run from entry of the judgment.

Dated:   New York, New York
        July 15, 2011

                                                _/s James M. Peck_
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge